BENJAMIN J. HORWICH (State Bar No. 249090)
MELINDA E. LEMOINE (State Bar No. 235670)
JOHN D. MAHER (State Bar No. 316157)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

JEREMY S. KREISBERG (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

BRADLEY A. BENBROOK (State Bar No. 177786)
BENBROOK LAW GROUP
400 Capitol Mall, Suite 2530
Sacramento, CA 95814
Telephone:    (916) 447-4900
Facsimile:    (916) 447-4904

Attorneys for Proposed Intervenor-Defendant
California Gaming Association

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| YOCHA DEHE WINTUN NATION; VIEJAS BAND OF KUMEYAAY INDIANS; and SYCUAN BAND OF THE KUMEYAAY NATION,<br><br>Plaintiffs,<br><br>vs.<br><br>GAVIN NEWSOM, GOVERNOR OF CALIFORNIA; STATE OF CALIFORNIA,<br><br>Defendants.<br><br>CALIFORNIA GAMING ASSOCIATION,<br><br>Proposed Intervenor-Defendant. | Case No. 2:19-cv-00025-JAM-AC<br><br>Hon. John A. Mendez<br><br>**MEMORANDUM IN SUPPORT OF CALIFORNIA GAMING ASSOCIATION'S MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E)**<br><br>Judge:   Hon. John A. Mendez<br>Date:    August 13, 2019<br>Time:    1:30 p.m.<br>Crtm:    6<br><br>[Filed Concurrently with Notice of Motion and Motion for Reconsideration or to Alter or Amend Judgment, and [Proposed] Order] |

Pursuant to Federal Rule of Civil Procedure 59(e), and this Court's inherent authority to reconsider its orders, Proposed Intervenor-Defendant the California Gaming Association (the "Association") respectfully moves this Court to reconsider its decision denying the Association's motion to intervene as moot.

On January 3, 2019, the Sycuan Band of the Kumeyaay Nation, the Yocha Dehe Wintun Nation, and the Viejas Band of Kumeyaay Indians (collectively, the "Tribes") sued the Governor and State of California (collectively, the "State"). Compl., ECF No. 1. The Tribes' complaint asked this Court to order the State to shut down some of the most popular card games played in California cardrooms. *See* Compl., ECF No. 1, at 37. On March 18, 2019, the Association—the trade association for California cardrooms—moved to intervene in this lawsuit to protect its members' interests. ECF No. 11. The same day, the State moved to dismiss the complaint. ECF No. 17. By Order on June 18, 2019, the Court granted the State's motion. ECF No. 29. In the same Order, the Court denied the Association's motion to intervene as moot. ECF No. 29, at 12.

The Association submits that, notwithstanding the dismissal of the Tribes' complaint, its motion to intervene is not moot. A motion to intervene is moot when "the underlying litigation is over." *W. Coast Seafood Processors Ass'n v. NRDC*, 643 F.3d 701, 704 (9th Cir. 2011). Thus, a motion to intervene is moot where the district court has entered a "final judgment from which neither party has appealed," *see id.*, or where the underlying litigation was voluntarily dismissed, *see United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981). But a motion to intervene is not moot where one party has "kept the underlying action alive by filing a notice of appeal." *Canatella v. California*, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005).

The Ninth Circuit recently addressed a situation that should control the circumstances here. In *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1066 (9th Cir. 2018), the court held that an appeal from the denial of a motion to intervene is not moot even if the result urged by the proposed intervenor prevails on appeal. The court reasoned that the opposing party could still "pursue their case by filing a petition for rehearing or rehearing en banc here, or by petitioning the Supreme Court for a writ of certiorari." *Id.* That logic applies with even greater force here because the Tribes can still pursue their case by taking an appeal as of right from this Court's

1  dismissal of the action.  *See* 28 U.S.C. § 1291.  Absent a commitment from the Tribes not to
2  appeal (which the Tribes would not offer when counsel conferred on this motion), under Ninth
3  Circuit precedent, the Association's motion to intervene is not moot.
4        Certainly, there is a high bar for motions for reconsideration.  *See 389 Orange St. Partners*
5  *v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (providing the standard for granting a motion for
6  reconsideration).  Indeed, not only are such motions generally reserved for instances of "clear
7  error," *id.*, but a "Rule 59(e) motion may *not* be used to raise arguments or present evidence for
8  the first time when they could reasonably have been raised earlier in the litigation," *Kona Enters.,*
9  *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Here, however, the Association seeks
10 reconsideration on the basis of arguments and authorities that could not have been raised earlier.
11 This Court denied the motion to intervene as moot without the benefit of briefing on the issue of
12 mootness because the event that raised the prospect of mootness—this Court's decision to dismiss
13 the Tribes' complaint—occurred in the same order as the Court's denial of the motion to
14 intervene.
15       The Association also recognizes that reconsideration is "'to be used sparingly in the
16 interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934,
17 945 (9th Cir. 2003) (citation omitted).  The Association respectfully submits, however, that this
18 issue warrants this Court's use of its limited resources.  Adjudicating the motion to intervene will
19 not disturb the finality of the Court's judgment.  And intervenor status would allow the
20 Association to participate as a party in the Tribes' expected appeal of this Court's decision, which
21 the Association seeks to defend.  Party status is critical to the ability to "defin[e] the issues before
22 the court."  *Int'l Union, etc. v. Scofield*, 382 U.S. 205, 215 (1965).  Participation as an amicus
23 curiae on appeal is no substitute because courts are free to ignore arguments raised only by an
24 amicus.  *See United States Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61 (1981).  Moreover, an
25 amicus has no right to participate in negotiations between the parties, *see United States v. Oregon*,
26 745 F.2d 550, 553 (9th Cir. 1984), and may not seek appellate rehearing or certiorari, *see United*
27 *States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002).  In short, a ruling on the motion
28 to intervene remains vital to the Association's ability to defend its members' interests in this case.

If this Court agrees to resolve the motion to intervene, the Association urges this Court to grant it. The motion has been fully briefed, no additional briefing is necessary, and the Court previously determined the motion could be adjudicated without a hearing. *See* Mem. in Support, ECF No. 11-1; Tribes' Opp., ECF No. 21; State's Opp., ECF No. 22; Reply, ECF No. 23; Minute Order, ECF No. 24. The Association reiterates only that, in the interest of judicial economy, the Court could avoid deciding issues bearing on whether the Association may intervene as of right by granting the Association permissive intervention under Rule 24(b).

Respectfully submitted.

DATED: July 10, 2019

MUNGER, TOLLES & OLSON LLP
    BENJAMIN J. HORWICH
    MELINDA E. LEMOINE
    JOHN D. MAHER
    JEREMY S. KREISBERG

By:    /s/ *Benjamin J. Horwich*
       BENJAMIN J. HORWICH

BENBROOK LAW GROUP
    BRADLEY A. BENBROOK

By:    /s/ *Bradley A. Benbrook*
       BRADLEY A. BENBROOK

*Attorneys for Proposed Intervenor-Defendant California Gaming Association*