JEFFRY BUTLER (Bar No. 180936)
jeffry.butler@dentons.com
PAULA M. YOST (Bar No. 156843)
paula.yost@dentons.com
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California  94105
Telephone:     (415) 267-4000
Facsimile:      (415) 267-4198

Attorneys for Plaintiff
YOCHA DEHE WINTUN NATION

TUARI N. BIGKNIFE (Bar No. 200625)
tbigknife@viejas-nsn.gov
OFFICE OF THE ATTORNEY GENERAL
VIEJAS BAND OF KUMEYAAY INDIANS
5000 Willows Road
Alpine, CA  91901
Telephone:     (619) 659-1710
Facsimile:      (619) 659-1970

Attorney for Plaintiff
VIEJAS BAND OF KUMEYAAY INDIANS

MARK A. RADOFF (Bar No. 119311)
mradoff@sycuan-nsn.gov
OFFICE OF THE GENERAL COUNSEL
SYCUAN BAND OF THE KUMEYAAY NATION
2 Kwaaypaay Court
El Cajon, CA  92019
Telephone:     (619) 659-1022
Facsimile:      (619) 445-0238

Attorney for Plaintiff
SYCUAN BAND OF THE KUMEYAAY NATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOCHA DEHE WINTUN NATION; VIEJAS BAND OF KUMEYAAY INDIANS; and SYCUAN BAND OF THE KUMEYAAY NATION,<br><br>Plaintiffs,<br>v.<br><br>GAVIN C. NEWSOM, GOVERNOR OF CALIFORNIA; STATE OF CALIFORNIA,<br><br>Defendants. | Case No. 2:19-cv-00025-JAM-AC<br><br>**PLAINTIFFS' NOTICE OF APPEAL** |

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Plaintiffs the Yocha Dehe Wintun Nation, the Viejas Band of Kumeyaay Indians, and the Sycuan Band of the Kumeyaay Nation (collectively the "Tribes") hereby appeal to the United States Court of Appeals for the Ninth Circuit from this Court's June 18, 2019 Judgment (Dkt. 30) entered in accordance with that part of the June 18, 2019 order granting, with prejudice, Defendants' Motion to Dismiss (Dkt. 29).  The Tribes file their appeal against Gavin Newsom, in his official capacity as the Governor of California, and against the State of California.  Copies of the judgment and order from which the Tribes appeal are attached hereto.

Dated: July 11, 2019                    DENTONS US LLP

                                        By: /s/ JEFFRY BUTLER
                                            Jeffry Butler
                                            Attorneys for Plaintiff
                                            YOCHA DEHE WINTUN NATION

Dated: July 11, 2019                    OFFICE OF THE ATTORNEY GENERAL
                                        VIEJAS BAND OF KUMEYAAY INDIANS

                                        By: /s/ (as authorized on July 10, 2019)
                                            Tuari N. Bigknife
                                            Attorney for Plaintiff
                                            VIEJAS BAND OF KUMEYAAY INDIANS

Dated: July 11, 2019                    OFFICE OF THE GENERAL COUNSEL
                                        SYCUAN BAND OF THE KUMEYAAY NATION

                                        By: /s/ (as authorized on July 10, 2019)
                                            Mark A. Radoff
                                            Attorneys for Plaintiff
                                            SYCUAN BAND OF THE KUMEYAAY NATION

-1-
Case No. 2:19-cv-00025-JAM-AC                              PLAINTIFFS' NOTICE OF APPEAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOCHA DEHE WINTUN NATION, VIEJAS BAND OF KUMEYAAY INDIANS, and SYCUAN BAND OF THE KUMEYAAY NATION,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM[1], GOVERNOR OF CALIFORNIA, STATE OF CALIFORNIA,<br><br>Defendants. | No. 2:19-cv-00025-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDER DENYING CALIFORNIA GAMING ASSOCIATION'S MOTION TO INTERVENE** |

On January 3, 2019, the Yocha Dehe Wintun Nation, Sycuan Band of the Kumeyaay Nation, and Viejas Band of Kumeyaay Indians (collectively "Plaintiffs" or "Tribes") filed a complaint against the State of California and Governor Gavin Newsom (collectively "Defendants"). Compl., ECF No. 1. Plaintiffs contend Defendants are not enforcing the state's ban on "banking and percentage card games" against cardrooms in California's non-tribal casinos.

---

[1] Governor Gavin Newsom has been substituted as a party in place of former Governor Edmond G Brown, Jr. pursuant to Federal Rule of Civil Procedure 25(d).

1

This, they argue, amounts to a breach of their Tribal-State Compacts and the covenant of good faith and fair dealing implied therein. See Compl. ¶¶ 124-135.

Shortly after Plaintiffs filed their complaint, Defendants filed a motion to dismiss and the California Gaming Association ("CGA") filed a motion to intervene.[2] Defs.' Mot. to Dismiss, ECF No. 17; CGA's Mot. to Intervene, ECF No. 11. Both motions were opposed. See Pls.' Opp'n to CGA's Mot. to Intervene, ECF No. 21; Defs.' Opp'n to CGA's Mot. to Intervene, ECF No. 21; Pls.' Opp'n to Defs.' Mot. to Dismiss, ECF No. 26.

For the reasons discussed below, the Court GRANTS Defendants' motion to dismiss with prejudice. As a result, CGA's motion to intervene is DENIED as MOOT.

## I.  FACTUAL ALLEGATIONS[3]

In September 2015, June 2016, and August 2016, the State of California entered into Tribal-State Compacts with the Sycuan Band of the Kumeyaay Nation, the Viejas Band of Kumeyaay Indians, and the Yocha Dehe Wintun Nation, respectively. Compl. ¶ 125. The full text of the Compacts is available on the California Gambling Control Commission website:

- Tribal-State Compact between the State of California and the Yocha Dehe Wintun Nation dated August 4, 2016 ("Yocha Dehe Wintun Compact"),

---

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing on CGA's motion to intervene was scheduled for April 16, 2019. The hearing on Defendants' motion to dismiss was scheduled for June 4, 2019.

[3] Assuming the parties' familiarity with the case, this order includes only an abbreviated version of Plaintiffs' allegations.

- http://www.cgcc.ca.gov/documents/compacts/amended_compacts/Yocha_Dehe_Compact_2016.pdf
- Tribal-State Compact between the State of California and the Viejas Band of Kumeyaay Indians dated June 28, 2016 ("Viejas Band Compact"), http://www.cgcc.ca.gov/documents/compacts/amended_compacts/Viejas_Compact_2016.pdf
- Tribal-State Compact between the State of California and the Sycuan Band of the Kumeyaay Nation dated September 2, 2016 ("Sycuan Band Compact"), http://www.cgcc.ca.gov/documents/compacts/AMENDED_COMPACTS/Sycuan%20Compact%202015%20(3).pdf

These agreements amended and superseded the 1999 Tribal-State Compacts between the parties. Yocha Dehe Wintun Compact, Viejas Band Compact, and Sycuan Band Compact (collectively "Tribal Compacts") at § 18.2.

Each Compact included a Preamble. See Tribal Compacts at 1-2. In relevant part, the Preambles acknowledged that the tribes' exclusive right to operate slot machines and banked card games "create[d] a unique opportunity to operate a Gaming Facility in an economic environment free of competition . . . and that this unique economic environment is of great value to the Tribe." Id. This "unique opportunity" was born out of a provision in the California constitution exempting Indian tribes from the state's general prohibition on "banking and percentage card games." Cal. Const. art. IV, § 19(e).

Over the years, Defendants have taken various positions on what type of gaming is allowed in light of the State's ban on

1 | banking and percentage card games.  Compl. ¶¶ 33-37, 42, 48, 74,
2 | 107, 118.  See also Cal. Penal Code §§ 330.11, 337j(f); Oliver v.
3 | Los Angeles County, 66 Cal. App. 4th 1397 (1997); Huntington Park
4 | Club v. Los Angeles County, 206 Cal. App. 3d 241 (1988).
5 | Plaintiffs contend the State's current interpretation effectively
6 | results in non-enforcement of its claimed prohibition.  Indeed,
7 | Plaintiffs allege Defendants have "been complicit in permitting,
8 | and at times even encouraging the cardrooms' unlawful conduct,"
9 | abridging the Tribes right of exclusivity.  Compl. ¶ 1; see also
10 | Compl. ¶¶ 55, 61, 64, 66, 96, 118.  Plaintiffs' requested relief
11 | includes: (1) judgment for costs of the suit; (2) declaratory
12 | relief; (3) an injunction directing the State to enforce its law
13 | prohibiting the play of prohibited card games, and (4) a decree
14 | requiring specific performance of the State's obligation to
15 | guarantee the Tribes exclusivity to conduct banking and
16 | percentage card games.  Compl. ¶¶ 136-139.

## II. OPINION

### A. Judicial Notice

Under Federal Rule of Evidence 201(b), a court "may [] take judicial notice of matters of public record, but not of facts that may be subject to reasonable dispute." United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (citations omitted) (internal quotations omitted).  Tribal-state compacts and any amendments thereto are matters of public record.  Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California, 547 F.3d 962, 968 n.4 (9th Cir. 2008).

Plaintiffs and Defendants request judicial notice of the complaint filed in Rincon Band of Luiseno Mission Indians, et

4

al. v. Flynt, et al., Case No. 37-2018-00058170.  This is a case pending in the Superior Court for the County of San Diego where a group of California tribes are suing several non-tribal casinos.  RJN ISO Pls.' Opp'n at 1-2, ECF No. 26-1; see also RJN ISO Defs.' MTD at 1-3, ECF No. 17-3.  Defendants further request the Court take judicial notice of the Stipulation and Order to Deem Action Complex that was filed on March 14, 2019 in that case.  RJN ISO Defs.' Reply at 1, ECF No. 27-1.

Both parties also request judicial notice of excerpts from the three Tribal Compacts.  RJN ISO Plfs.' Opp'n at 1-2; RJN ISO Defs.' MTD at 1-2.  Defendants request judicial notice of three additional Tribal-State Compacts:

1. The October 8, 1999 Compact between California and the Rumsey Indian Rancheria;
2. The September 10, 1999 Compact between California and the Viejas Band of Kumeyaay Indians; and
3. The September 10, 1999 Compact between California and the Sycuan Band of Mission Indians.

RJN ISO Defs.' MTD at 2-3.

Each of these documents, as matters of the public record, are proper subjects of judicial notice.  Accordingly, Plaintiffs' and Defendants' requests are GRANTED.  For the sake of completeness, the Court takes judicial notice of the Tribal Compacts in their entirety.

B.  Motion to Dismiss

1.  Legal Standard

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

5

R. Civ. Proc. 8(a)(2). A plaintiff's claims will be dismissed under Rule 12(b)(6) if the facts, as alleged, do not support a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The district court "must accept as true all of the allegations contained in a complaint." Id. at 678. The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." Id.

      2.   Analysis

          a.   Breach of Compact

Plaintiffs fail to state a breach of Compact claim because the Tribal Compacts do not contain a right of exclusivity independent of the one provided by the state constitution. The California constitution provides:

> Notwithstanding [California's prohibition on Nevada-style casinos] . . . the Governor is authorized to negotiate and conclude compacts . . . for the conduct of lottery games and banking and percentage card games by federally recognized Indian tribes on Indian lands in California in accordance with federal law.

Cal. Const. Art. IV, § 19(f). The question of whether a federally-recognized tribe has negotiated an agreement with the state to conduct otherwise prohibited gaming is a matter of Compact interpretation. But the question of whether federally-recognized tribes are the only entities who may lawfully conduct otherwise prohibited gaming is not. Plaintiffs' exclusivity rights flow solely from the California constitution. This is the unavoidable barrier that prevents Plaintiffs from successfully maintaining their breach of Compact claims.

To be sure, Plaintiffs' rights of exclusivity originated in previously-entered Tribal-State Compacts. In 1984, California

voters amended the State Constitution, enacting a wholesale prohibition on "casinos of the type currently operating in Nevada and New Jersey." Compl. ¶ 14, see also Cal. Const., art. IV, § 19(e), added by initiative, Gen. Elec. (Nov. 6, 1984). This amendment did not include an exemption for Indian tribes. See Compl. ¶¶ 19-20, see also Hotel Employees & Rest. Employees Int'l Union v. Davis, 21 Cal. 4th 585, 605-06 (1999). Against this backdrop, Plaintiffs negotiated Compacts with the State in 1999. Compl. ¶¶ 19-20. These negotiations culminated in Tribal-State Compacts that would only take effect if California voters enacted an amendment to the State Constitution that exempted tribes from California's prohibition on New Jersey- and Nevada-style gaming. Compl. ¶ 20. The referendum passed, and the Compacts took effect. Compl. ¶¶ 20-21. With the 1999 Compacts, Plaintiffs bargained for an economic opportunity, codified in state law, that they did not previously have: the exclusive right to conduct otherwise prohibited gaming. Compl. ¶¶ 22-24.

   As Plaintiffs argue, the Ninth Circuit has recognized the value of the rights conferred by the 1999 Compacts. In re Indian Gaming Related Cases ("Coyote Valley II"), 331 F.3d 1094, (9th Cir. 2003); Rincon Band of Luiseno Mission Indians v. Schwarzenegger ("Rincon Band of Indians"), 602 F.3d 1019, 1037 (9th Cir. 2010). In Coyote Valley II, 331 F.3d at 1114-15, the Ninth Circuit found that the state's offer of "an exclusive right to conduct class III gaming in the most populous State in the country" justified the "significant" revenue sharing it requested in return. In Rincon Band of Indians, the Ninth

7

Circuit reiterated that the value of the exclusivity provision in 1999 "[could not] be overstated." 602 F.3d 1036. There is no doubt that the 1999 exclusivity provisions imposed an affirmative obligation on the State. But the 1999 compacts do not govern this suit.

In 2015 and 2016, Plaintiffs renegotiated their Compacts with the State. See generally Tribal Compacts. Each Plaintiff's Compact includes a merger clause, noting that the new Compacts "set forth the full and complete agreement of the parties and supersede[] any prior agreements or understandings with respect to the subject matter [t]hereof." Tribal Compacts at § 18.2. Plaintiffs argue the most-recently entered Compacts guarantee the same right of exclusivity that was bargained for in the 1999 agreements. Opp'n at 4. The Court disagrees. The Compacts, although recognizing the right of exclusivity provided by the California Constitution, do not include any express terms regarding Defendants' obligation to preserve that right. In fact, the Compacts contemplate the abrogation of that right, providing the Tribes limited recourse in the event their rights of exclusivity lapse. Yocha Dehe Wintun Compact at § 4.8(a); Viejas Band Compact at § 4.6(a); Sycuan Band Compact at § 4.6(a).

The Tribal Compacts include four references to Plaintiffs' rights of exclusivity—twice in the Preamble and twice in Section 4.8.[4] Tribal Compacts at 1-2, see also Yocha Dehe Wintun Compact

---

[4] The "Exclusivity" provision found at Section 4.8 of the Yocha Dehe Wintun Compact is found at Section 4.6 of the Viejas Band and Sycuan Compacts.

8

at § 4.8; Viejas Band Compact at § 4.6; Sycuan Band Compact at § 4.6.  The two relevant provisions from the Preamble are as follows:

> **WHEREAS,** the State and the Tribe recognize the exclusive rights the Tribe will enjoy under this Compact create a unique opportunity to operate a Gaming Facility in an economic environment free of competition from the operation of slot machines and banked card games on non-Indian lands in California and that this unique economic environment is of great value to the tribe;
>
> **WHEREAS,** in consideration of the exclusive rights enjoyed by the Tribe to engage in the Gaming Activities and operate a number of Gaming Devices specified here, and the other meaningful concessions offered by the State in good faith negotiations . . . the Tribe reaffirms its commitment to provide to the State . . . fair cost reimbursement and mitigation from revenues from the Gaming Devices operated pursuant to this Compact on a payment schedule.

Tribal Compacts at 2-3.

The next reference to Plaintiffs' right of exclusivity guarantees them limited recourse "[i]n the event the exclusive right of Indian tribes to operate Gaming Devices in California is abrogated" after the Compact took effect.  Yocha Dehe Wintun Compact at § 4.8(a); Viejas Band Compact at § 4.6(a); Sycuan Band Compact at § 4.6(a).  The Yocha Dehe Wintun Compact also provides:

> Nothing in [Section 4.8] precludes the Tribe from invoking the dispute resolution provisions of section 13.0 to address the issue of whether any person or entity (other than an Indian tribe with an approved Class III Gaming compact) is engaging in the Gaming Activities specified in subdivisions (a) or (b) or section 4.1 of this Compact.

Yocha Dehe Wintun Compact at § 4.8(b).

The Court finds that neither the terms in the Preamble nor those in Section 4.8 create an enforceable right of exclusivity. A plain reading of the Preambles exposes these paragraphs as

9

merely recognizing the veneer of exclusivity given by the California constitution to the Class III gaming rights conferred by the Compact. Section 4.8 supports this reading, delineating Plaintiffs' available remedies if the constitutional right of exclusivity is lost, and undermining Plaintiffs' claims that the right is inextricably woven into the fabric of the agreement.

Section 4.8(b) more closely supports Plaintiffs' reading of the Compact. Nevertheless, this provision—although ensuring the Compact does not preclude the Yocha Dehe Wintun Nation from invoking the Compacts' dispute resolution provisions—does not give Plaintiffs' right of exclusivity an enforceable foothold in the Compact. Nor could it. Basic contract principles explain that, to be a legally-enforceable agreement, a contract must be supported by consideration. Rincon Band of Indians, 602 F.3d at 1037, 1039. A court will not inquire into the sufficiency of the parties' bargained-for exchange. But consideration may not be illusory. Rincon Band of Indians, 602 F.3d at 1037. A court cannot recognize an agreement that purports to give one party something they are already entitled to by law. Id. (citing Salmeron v. United States, 724 F.2d 1357, 1362 (9th Cir. 1983)). Rincon Band of Indians illustrates the point: the California Constitution's guarantee of exclusivity bars the state from using it as a bargaining chip in compact negotiations. Id.

Absent a term in any of the Compacts granting Plaintiffs a right of exclusivity, Plaintiffs cannot state a cognizable breach of Compact claim. The Court DISMISSES this claim WITH PREJUDICE.

///

10

      b. <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

 Plaintiffs also fail to state a claim for breach of the implied covenant of good faith and fair dealing because the Compacts do not rest on a common understanding of how Defendants would interpret or enforce state law.  Neither party disputes the standard governing this claim.  The covenant of good faith and fair dealing is implied in every contract and aims to "prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of <u>the agreement actually made</u>."  <u>Guz v. Bechtel Nat., Inc.</u>, 24 Cal.4th 317, 349 (2000) (emphasis in original).  It "imposes the duty on each party to do everything that the contract presupposes will be done in order to accomplish the purpose of the contract." <u>Arizona v. Tohono O'odham Nation</u>, 818 F.3d 549, 562 (9th Cir. 2016).  But the covenant "cannot be extended to create an obligation not intended by both parties."  <u>Avidity Partners v. California</u>, 221 Cal. App. 4th 1180, 1206 (2013).  Put simply, "where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid."  <u>Guz</u>, 24 Cal.4th at 358.

 Plaintiffs' claim requires a showing that the Compacts created an obligation by the State to adopt Plaintiffs' definition of "banking and percentage card games."  Nothing in the Compacts suggest such an obligation.  In fact, Plaintiffs' own complaint undermines the notion that the terms of the Compacts presupposed how Defendants would interpret and enforce state law.  The complaint alleges that, beginning in 1999, the

State adopted an incorrect definition of "banking and percentage card games." Compl. ¶¶ 31-37. The complaint lays out fifteen years of Plaintiffs' challenges to the State's interpretations. See generally Compl. ¶¶ 31-86. It does not allege the parties ever agreed upon a suitable definition or manner of enforcement. Nor do the terms of the Compacts reflect a joint intention to lock Defendants into a prescribed manner of enforcing state law. Devoid of any indication the Compacts created these obligations, Plaintiffs' allegations of bad faith fall short. The Court DISMISSES Plaintiffs' breach of the implied covenant of good faith and fair dealing claim WITH PREJUDICE.

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss. The Court also DENIES CGA's Motion to Intervene as MOOT.

IT IS SO ORDERED.

Dated: June 17, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

12

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

JUDGMENT IN A CIVIL CASE

YOCHA DEHE WINTUN NATION, ET AL.,

CASE NO: **2:19-CV-00025-JAM-AC**

v.

EDWARD G. BROWN JR, ET AL.,

**XX** -- **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

**THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE COURT'S ORDER FILED ON 6/18/19**

**Marianne Matherly**
Clerk of Court

ENTERED: **June 18, 2019**

by: /s/ A. Kastilahn
Deputy Clerk