UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOCHA DEHE WINTUN NATION, VIEJAS BAND OF KUMEYAAY INDIANS, and SYCUAN BAND OF THE KUMEYAAY NATION,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, Governor of California, and the STATE OF CALIFORNIA,<br><br>Defendants. | No. 2:19-cv-00025-JAM-AC<br><br>**ORDER DENYING THE CALIFORNIA GAMING ASSOCIATION'S MOTION FOR RECONSIDERATION** |

On January 3, 2019, the Yocha Dehe Wintun Nation, Sycuan Band of the Kumeyaay Nation, and Viejas Band of Kumeyaay Indians (collectively "Plaintiffs" or "Tribes") filed a complaint against the State of California and Governor Gavin Newsom (collectively "Defendants"). Compl., ECF No. 1. Plaintiffs alleged Defendants breached their Tribal-State Compacts and the covenants of good faith and fair dealing implied therein. See Compl. ¶¶ 124-135. Shortly thereafter, Defendants filed a motion to dismiss, and the California Gaming Association ("CGA") filed a motion to intervene. Defs.' Mot. to Dismiss, ECF No. 17; CGA's Mot. to

1

Intervene, ECF No. 11. The Court granted Defendants' motion to dismiss, finding Plaintiffs failed to state a claim upon which relief could be granted. Order, ECF No. 29. Absent a pending case or controversy, the Court sua sponte denied CGA's motion to intervene as moot.

CGA now contends the Court must reconsider its prior order.[1] Mot. for Reconsideration ("Mot."), ECF No. 31. Plaintiffs oppose the motion. Opp'n, ECF No. 41. Defendants do not. Statement of Non-opp'n, ECF No. 42. For the reasons set forth below, the Court DENIES CGA's motion for reconsideration.

## I. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 59(e) allows parties to file a motion "to alter or amend a judgement" within 28 days of entry of judgment. Fed. R. Civ. Proc. 59(e). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). "[A]bsent highly unusual circumstances," a district court will not grant a motion for reconsideration unless (1) it is presented with newly discovered evidence; (2) the Court committed clear error; or (3) there was an intervening change in the controlling law. 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Parties may not use Rule 59(e)

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 13, 2019.

2

motions "to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

B. Analysis

CGA argues the Court committed clear error in light of Allied Concrete & Supply Co. v. Baker, 904 F.3d 1053, 1066 (9th Cir. 2018); W. Coast Seafood Processors Ass'n v. NRDC, 643 F.3d 701, 704 (9th Cir. 2011); Canatella v. California, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005); and United States v. Ford, 650 F.2d 1141, 1143 (9th Cir. 1981). CGA interprets these cases to stand for the proposition that dismissal of a case does not moot a non-party's motion to intervene so long as a party "kept the underlying action alive by filing a notice of appeal." Mot. at 1 (quoting Canatella, 404 F.3d at 1109 n.1). The Court does not agree with CGA's reading of these cases.

The procedural posture of this case materially distinguishes it from Allied Concrete & Supply Co., W. Coast Seafood Processors Ass'n, Canatella, and Ford. The district courts in those cases denied proposed-intervenors' motions to intervene on non-mootness grounds. The proposed intervenors appealed. Subsequently, the underlying actions were dismissed—either voluntarily or by court order. The proposed intervenors' pending appeals raised the question of whether dismissal of the underlying suits mooted the appeals. In W. Coast Seafood Processors, 643 F.3d at 704 and Ford, 650 F.2d at 1142-43, the Ninth Circuit held the proposed intervenors' appeals became moot when the underlying suits were dismissed and neither party appealed the dismissal. In

| | |
|---|---|
| 1 | *Canatella*, however, a party to the underlying action appealed the |
| 2 | lower court's dismissal. 404 F.3d at 1109 n.1. The Ninth |
| 3 | Circuit found, in that context, that the proposed intervenor's |
| 4 | appeal likewise remained a live controversy. 404 F.3d at 1109 |
| 5 | n.1. *Allied Concrete & Supply Co.*, 904 F.3d at 1066 extended |
| 6 | *Canatella*, holding that "a potential petition for rehearing or |
| 7 | certiorari keeps a case alive for the purpose of appealing a |
| 8 | motion to intervene." |
| 9 | Following *Allied Concrete & Supply*, the appeal of a motion |
| 10 | to intervene satisfies Article III's "case or controversy" |
| 11 | requirement so long as parties to the underlying action have an |
| 12 | avenue for challenging the district court's dismissal. 904 F.3d |
| 13 | at 1066-67. A reviewing court may ultimately reverse the lower |
| 14 | court's dismissal; in which case, the propriety of a non-party's |
| 15 | ability to intervene is also at issue. See id.; see also |
| 16 | *Canatella*, 404 F.3d at 1109 n.1. But neither *Allied Concrete &* |
| 17 | *Supply* nor *Canatella* spoke to the question of whether a district |
| 18 | court—having dismissed a case in its entirety—should adjudicate a |
| 19 | motion to intervene simply because one of the parties appealed |
| 20 | that dismissal. Indeed, this Court found no basis for doing so |
| 21 | when it denied CGA's motion as moot in its June 18, 2019 order. |
| 22 | Unlike in *Allied Concrete & Supply*, Plaintiffs do not contend the |
| 23 | Court's dismissal bars CGA from appealing its motion to |
| 24 | intervene. In fact, Plaintiff's concede CGA could renew its |
| 25 | motion to intervene if the Ninth Circuit reversed this Court's |
| 26 | dismissal. See Opp'n at 2. The Court's June 18 order only |
| 27 | prevents CGA from participating in Plaintiffs' pending appeal. |
| 28 | But nothing in CGA's motion suggests it is entitled to that type |

of participation.

CGA has not demonstrated that the Court committed clear error when it denied CGA's motion to intervene as moot. Moreover, CGA did not contend that newly-discovered evidence or an intervening change in the controlling law warranted reconsideration. Accordingly, CGA's motion is DENIED.

## II. ORDER

For the reasons set forth above, the Court DENIES CGA's motion for reconsideration.

IT IS SO ORDERED.

Dated: September 9, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE